**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**JOHN LITTLE AKA OTIS RUPERT REESE**

                **Plaintiff,**          13 Civ. 3814 (JGK)

      - against -               **MEMORANDUM OPINION AND**
                                                 **ORDER OF SERVICE**
**NEW YORK STATE ET AL.,**

                **Defendants.**
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, appearing pro se, brings this action alleging that the defendants violated his rights. By order dated September 3, 2013, Chief Judge Loretta A. Preska dismissed the plaintiff's claims regarding his criminal proceedings and directed him to file an amended complaint detailing his claims of false arrest and wrongful imprisonment and to name as defendants the individuals responsible. On September 17, 2013, the plaintiff filed an amended complaint asserting claims of false arrest and wrongful imprisonment, and naming New York State, the State of New York, and Officer McLane as Defendants.

**I.**

    The plaintiff's claims against the State of New York must be dismissed under the Eleventh Amendment, which bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has validly

1

abrogated its immunity.  See Bd. of Trs. v. Garrett, 531 U.S. 356, 363 (2001).  The State of New York has not consented to be sued in federal court under § 1983.  See Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-39 (2d Cir. 1977). Further, Congress has not abrogated the states' immunity under § 1983.  Quern v. Jordan, 440 U.S. 332, 341 (1979). Accordingly, to the extent that the plaintiff seeks to bring claims against the State of New York, they are barred by the Eleventh Amendment.  See 28 U.S.C. § 1915(e)(2)(B)(iii).

## II.

To allow the plaintiff, who is proceeding in forma pauperis, to effect service on Defendant Police Officer McLane through the U.S. Marshals Service, the Clerk of Court is instructed to send the plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant.  Within thirty days of the date of this Order, the plaintiff must complete a USM-285 form for Defendant McLane and return this form to the Court.

If the plaintiff does not wish to use the Marshals Service to effect service, he must notify the Court in writing within thirty days of the date of this Order and request that a summons be issued directly to him.  If within thirty days, the plaintiff has not returned the USM-285 form or requested a summons, under

Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.

Upon receipt of the completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendant McLane.

No matter what method of service the plaintiff chooses, he must effect service within 120 days of the date the summons is issued. It is the plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and if necessary, to request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012). If within 120 days of issuance of the summons, the plaintiff has not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute. Finally, it is the plaintiff's obligation to promptly submit a written notification to the Court if the plaintiff's address changes, and the Court may dismiss the action if the plaintiff fails to do so.

**III.**

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good

3

faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Dated:    New York, New York**
**         September 27, 2013**                _____/s/_____
                                            **John G. Koeltl**
                                    **United States District Judge**